# In the United States Court of Federal Claims

No. 12-618V
(Originally Filed: February 1, 2016)
(Re-filed: March 29, 2016)[1]

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| J.T., | |
|     *Petitioner*, | National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-1-34.; Motion for review; Jurisdiction over interim decision. |
| v. | |
| SECRETARY OF THE DEPARTMENT OF HEALTH AND HUMAN SERVICES, | |
|     *Respondent*. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Lisa A. Roquemore*, Rancho Santa Margarita, CA, for petitioner.

*Lisa A. Watts*, United States Department of Justice, Civil Division, Torts Branch, Washington, DC, with whom were, *Banjamin C. Mizer*, Principal Deputy Assistant Attorney General, *Rupa Bhattacharyya*, Director, *Vincent Matankoski*, Deputy Director, *Voris E. Johnson*, Assistant Director, for Defendant.

OPINION

BRUGGINK, *Judge*.

This is an action under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012) ("Vaccine Act"). Currently before the court is petitioner's motion for review of the special master's September 17, 2015

---

[1] Publication of this opinion was deferred pending the parties' review for redaction of protected information. *See* Rules of the Court of Federal Claims ("RCFC"), App. B, Rule 18(b). Neither party submitted proposed redactions. Accordingly, the opinion appears below in full.

interim ruling in favor of respondent that petitioner's lost earnings should not include potential future business endeavors. The decision did not make an award of compensation. The motion is fully briefed. Oral argument is unnecessary. Because we do not have jurisdiction to review an interim decision of a special master until an award of a definite sum or denial of such is ordered, petitioner's motion for review is denied.

## BACKGROUND

On September 19, 2012, petitioner filed a petition under the Vaccine Act, alleging that a tetanus-diphtheria-acellular pertussis ("Tdap") vaccine administered on October 1, 2009, caused his neurologic injury. Respondent filed a Rule 4(c) Report on December 18, 2012, conceding that Tdap vaccine caused petitioner's left brachial neuritis, which is listed in Vaccine Injury Table, and that petitioner is entitled to damages.

Since then, the parties have attempted to resolve damages, but have been unable to reach agreement due to differing views on how to calculate petitioner's lost earnings. Petitioner calculates his lost earning to be approximately $11 million, not just based on his past income, but also based on the estimated economic value of two anticipated future business ventures. Respondent calculates the lost earning to be less than $1 million–a combination of past earnings as a physical therapist and as a speaker at physical therapy seminars.

On May 21, 2015, respondent filed a motion for ruling on the "Basis for Calculating Petitioner's Lost Earning Wage," asking special master, Laura D. Millman, to resolve the question of whether to include future business ventures in the compensation calculation. The special master ruled against petitioner on September 17, 2015, adopting respondent's view on calculating damages. On the same date, petitioner filed a motion to redact, and the order on motion to redact was granted on October 14, 2015. Petitioner filed a motion for review of the decision on October 16, 2015, requesting that we set aside the special master's decision because she allegedly erred as a matter of law or abused her discretion by not including two business ventures as part of lost earnings.

On October 26, 2015, respondent filed its response to the motion for review, contending that the matter is not yet ripe for review because final decision on compensation has not been reached by the special master.

DISCUSSION

We review the merits of vaccine decisions under the arbitrary and capricious standard as mandated by the Vaccine Act. 42 U.S.C. § 300aa-12(e)(2)(B). Jurisdiction must have attached under the act, however, before we can reach the merits of the decision below. Our jurisdiction to review decisions of the special masters is governed by section 300aa-12(d)(3)(A), which provides that:

> A special master to whom a petition has been assigned shall issue a decision on such petition with respect to whether compensation is to be provided . . . and the amount of such compensation. . . . The decision of the special master may be reviewed by the United States Court of Federal Claims in accordance with subsection (e) of this section.

*Id.* § 300aa-12(d)(3)(A). Subsection (e) instructs that appeal may be taken "[u]pon issuance of the special master's decision," by either party by filing a motion for review within 30 days of the issuance of the decision. *Id.* § 300aa-12(e)(1). The trigger for our jurisdiction is thus the issuance of a "decision on [the vaccine act] petition," which the act indicates resolves the question of "whether compensation is to be provided" and, if so, "the amount of such compensation." *Id.* § 300aa-12(d)(3)(A). In other words, the final decision on compensation triggers jurisdiction. *Spratling v. HHS*, 37 Fed. Cl. 202 (1997); *Weiss v. HHS*, 59 Fed. Cl. 624 (2004); *Lemire v. HHS*, 60 Fed. Cl. 75, 80 (2004); *Vessels v. HHS*, 65 Fed. Cl. 563, 567 (2005) (noting that "*Lemire*, *Weiss* and *Spratling* are all in accord with the principle that this Court's Vaccine Act jurisdiction extends only to the special masters' final decisions regarding compensation").

Respondent points out that the special master has not rendered a decision granting compensation or setting the amount of such compensation. It argues, therefore, that a decision on compensation within the meaning of subsection 12(d)(3)(A) has not been reached below, which means petitioner's motion for review was premature.

Petitioner responds that the special master made a reviewable "ultimate resolution" or "final disposition" because her decision was final with respect to approximately $10 million dollars that it effectively denied. Petitioner notes

3

that the special master's decision was published on the court's website, suggesting to petitioner that the special master believed the decision was final and reviewable. Petitioner also points to the unique relationship between the Office of Special Masters and the judges of this court in that the special masters are part of the court, essentially adjuncts to it, suggesting that it is the role of the judges to rule on questions of law and interpret the Vaccine Act. Petitioner argues that its motion for review presents a mixed question of fact and law, one that is thus ripe for interim review by the judges of the court. Petitioner relies on the Federal Circuit's *Shaw* decision, arguing that it opened the door for review of interim decisions by the special masters. *See Shaw v. Sec'y of HHS*, 609 F.3d 1372 (Fed. Cir. 2010).

We disagree. Although the government has admitted entitlement to compensation under the Vaccine Act for a table injury, the special master has not made a final ruling as to quantum. She instructed the parties to attempt to stipulate to the amount, but they were unable to, in large part, because of disagreement as to the inclusion or not of earnings from potential future business ventures. That question is admittedly resolved below, but the special master has not ruled further. Compensation will be awarded, whether stipulated to or decided by the special master, but that has not happened yet. Therefore, the special master's decision was not a decision on compensation that can be reviewed under subsection 12(e)(1).

We disagree with petitioner that his motion for review is analogous to a decision regarding award of interim attorneys fees and costs, which the Federal Circuit has held can be reviewed by this court even in advance of a final disposition of a vaccine act petition. *See Shaw*, 609 F.3d at 1376 (holding for purpose of jurisdiction, "the special master's grant or denial of interim attorneys' fees is a decision on compensation and as such it is reviewable by the Court of Federal Claims under subsection 12(e) of the Vaccine Act.") Petitioner argues that the Federal Circuit in *Shaw* suggested a broader interpretation of its ruling, because the court writes that "we have never interpreted § 300aa-12(2)(3) to require a final decision concluding the proceedings or resolving the ultimate issue in the case." *Id.* at 1376.

The *Shaw* decision is, on its own terms, limited to the question of the reviewability of an interim fee decision. *Id.* ("The sole question on appeal is whether the Court of Federal Claims has jurisdiction to review an interim fee decision prior to the decision on the merits of the underlying claim."). And the decision is grounded in the circuit's interpretation of the Vaccine Act's

definition of the term "compensation," which it found to include attorneys fees and other costs based on subsection 15(e)(1), which states that "the special master or court shall also award as part of such compensation an amount to cover – (A) reasonable attorneys' fees, and (B) other costs." 42 U.S.C. § 300aa-15(e)(1); *Shaw*, 609 F.3d at 1375. Thus, an interim award or denial of fees was held to be a "decision with respect to whether compensation is to be provided . . . and the amount of such compensation," 42 U.S.C. § 300aa-12(d)(3)(A), meeting the requirements for filing of a motion for review under subsection 12(e)(1). *Shaw*, 609 F.3d at 1376. The special master's decision on interim attorneys' fees is a final decision because, in such circumstances, the award or denial of interim fees at a particular juncture was final with respect to those fees and costs.

The present circumstances are distinguishable. Compensation for the vaccine injury has not yet been awarded nor has quantum been established. The parties know only that compensation will be awarded and that it will not include much of what is sought by petitioner. But that is all. Once the special master makes an award of a definite sum, whether it be compensation for injury or for fees and costs incurred, review will be appropriate under subsection 12(e)(1), but not before.

## CONCLUSION

The special master's decision of September 17, 2015 was not a decision on compensation within the meaning of 42 U.S.C. § 300aa-12(d)(3)(A). A motion for interlocutory review of that decision did not trigger the court's jurisdiction under subsection 12(e)(1). Accordingly, petitioner's motion for review is denied.

s/Eric G. Bruggink<br>
ERIC G. BRUGGINK<br>
Judge